Dismissed and Memorandum Opinion filed February 12, 2009








Dismissed
and Memorandum Opinion filed February 12, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00070-CR

____________

 

AUBREY RUSS HANCOCK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
413th District Court

Johnson County,
Texas

Trial Court Cause No.  F42891

 



 

M E M O R A N D U M   O P I N I O N

After a
guilty plea, appellant was convicted of possession of less than one gram of a
controlled substance and was sentenced on October 27, 2008, to confinement for
two years in the State Jail Division of the Texas Department of Criminal
Justice, probated for five years, and assessed a $750 fine.  No motion for new
trial was filed.  Appellant=s notice of appeal was not filed until December 15, 2008.  








A
defendant=s notice of appeal must be filed within thirty days after sentence is
imposed when the defendant has not filed a motion for new trial.  See Tex. R. App. P. 26.2(a)(1).  A notice
of appeal that complies with the requirements of Rule 26 is essential to vest
the court of appeals with jurisdiction.  Slaton v. State, 981 S.W.2d
208, 210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected, a court
of appeals does not obtain jurisdiction to address the merits of the appeal. 
Under those circumstances it can take no action other than to dismiss the
appeal.  Id.

Appellant
filed a motion for extension of time to file his notice of appeal on December
16, 2008.  A court of appeals may grant an extension of time to file a notice
of appeal if the notice of appeal and the motion for extension are filed within
15 days after the deadline for filing the notice of appeal.  Tex. R. App. P. 26.3.  Appellant=s notice of appeal was due on or
before Wednesday, November 26, 2008.  See Tex. R. App. P. 26.2(a)(1).  Therefore, the notice of appeal
and motion for extension of time were due on or before December 11, 2008.  See
Tex. R. App. P. 26.3.  Appellant=s motion is untimely.

On
December 23, 2008, notice was transmitted to the parties that the appeal would
be dismissed unless a response establishing appellate jurisdiction was filed
within twenty-one days of the date of the notice.  No response has been filed.

Moreover,
the trial court entered a certification of the defendant=s right to appeal in which the court
certified that this is a plea bargain case, the defendant has no right of
appeal, and the defendant waived any right to appeal.  See Tex. R. App. P. 25.2(a)(2).  The trial
court=s certification is included in the
record on appeal.  See Tex. R.
App. P. 25.2(d).  The record supports the trial court=s certification.  See Dears v.
State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly,
the appeal is ordered dismissed.  

PER CURIAM

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore. 

Do Not Publish C Tex. R. App. P.
47.2(b).